The opinion of the court was delivered by
Duncan, J.
That a legacy lapses by. the death of the legatee in the life time of the testator, is a consequence known to few testators. It is an event rarely contemplated by any, and seldom provided for. But even the most explicit declaration that the devise shall not lapse, is not sufficient to prevent it: there must be either survivorship, as in a joint devise, orlimitatioh over. The testator Joseph Semple on the 14th July, 1810, after the bequest of certain legacies, directs, that his estate real and personal should be sold by his executors, and after the payment of his debts and legacies, the moneys arising, therefrom should be divided in the following manner, to wit, to his daughter Martha Beatty, 1533 dollars, to David Semple, 2044 dollars, to his son Joseph 4089 dollars, to his two daughters Jane and Eliza, each 2044 dollars, and to his two grand children Martha Sterreit and Eliza Sterrett, children of his daughter Jane, deceased, each 31 i dollars. The property being principally real, there would be an uncertainty, whether, on its sale, it would produce the amount he had bequeathed, or exceed it, and either the one or the other must have been *354 the case. He directs that if the money, arising from the sale should not be sufficient to pay the several legacies, the deficiency should be deducted from the legacies, each in proportion to their share, but if it exceeded, the residue should be divided among the said Martha Beatty, David Semple,. Joseph Semple, Jane Semple, Eliza Semple, and his two grand children Martha Sterrett, and Eliza Sterrett, in proportion to their several legacies. It is contended by the defendant in error, that the share of Eliza Semple, who died in the testator’s life time, did not lapse, but went over to the six surviving legatees, in the same proportion as the original legacies, and such was the opinion of the court below. The disposition of the surplus among the seven legatees could not be made with a view to the death of any one, that a surplus should arise in that event, but with a view to a residuum, after all the legacies were satisfied. They were tenants in common each of their respective legacies: a certain share was devised to each, where there can be no survivorship as in joint tenancy.
That the disposition of the residue contemplated aresidue arising from the death of ány one, is inconsistent with the division of it among all the legatees. To bequeath to Eliza Semple a portion of a residue happening in consequence of her own death, is a construction which can never be supported; yet such would be the fact if this be the just construction. The cases of Bagwell v. Dry, 1 P. W. 700. and 2 Strange 905, Man v. Man, are cases directly in point. In the first, the testator bequeathed the surplus of his personal estate to four, equally to be divided between them, share and share alike. One of the four residuary legatees died in his life time, and the question being to whom this fourth part belonged, the lord chancellor was of opinion, that the testator having devised the residuum in four parts, and one of the residuary legatees having died in his life time, the, devise of the fourth part became void, and was so much of the testator’s estate undisposed of by the will. It could not go to the survivors, because each of them had but afourth part d.eyiséd to him in common, and the death of the fourth residuary legatee could not avail them, as it would have done, had they all been joint legatees, for then the share of the legatee dying in the life'of the testator would have gone over to the survivors, but the residue being devised in common, it was the same as if a fourth part had been devised to each' of the four, which could not be increased by the death of any one of them.
So in Man v. Man, 2 Strange 905, a bequest of all the testators personal estate to A., B., C., and D., after the death of his wife, share and share alike: C. and D. died in the testator’s life time: adjudged, that their shares had lapsed, the testator having appointed that each of his legatees should have a special share. Here the testator has appointed that each legatee shall have a special share, all the seven. Th'is is a clear case of lapsed legacy, and the plaintiffs are entitled to this distributive part under the intes *355 tate aet, as undisposed of by the will. There was no person to whom it was limited over on the death of the legatee, in whom it eould vest. The judgment of the Court of Common Pleas is reversed, and judgment quod computet entered for the plaintiffs according to the agreement of the parties in the case stated.
Judgment reversed,